IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EUGENE W. SHIFLETT,

    Plaintiff,

v.                                                                 CASE NO. 1:15-cv-241-MP-GRJ

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This case was initiated on November 2, 2015, when Plaintiff filed a Complaint against the Social Security Administration under 42 U.S.C. § 405(g). (ECF No. 1.) Plaintiff challenged a 2014 decision of the ALJ denying him benefits, and attached the Appeals Council letter denying review on September 2, 2015. The Court granted Plaintiff's motion to proceed as a pauper, ECF No. 2, and served the Complaint on the Social Security Administration.

The Commissioner for the Social Security Administration answered on January 5, 2016. (ECF No. 9.) The next day, the Court issued a scheduling order, setting a deadline for Plaintiff's memorandum of March 7,

2016, and a deadline for Defendant's memorandum of May 6, 2016.  (ECF No. 11.)  Plaintiff failed either to file his memorandum by the deadline or submit a motion for an extension of time, so the Court ordered Plaintiff to either show cause for this failure or submit his memorandum by March 16, 2016. (ECF No. 12.)   As of this date, Plaintiff has not responded to the order to show cause and has not submitted his memorandum. Other than filing the complaint on November 2, 2015 Plaintiff has done nothing else to advance this case.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case[.]" *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir.1983); *see also Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); *Hyler v. Reynolds Metal Co.,* 434 F.2d 1064, 1065 (5th Cir.1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute[.]").  Moreover, the Local Rules of the Northern District of Florida provide that when no satisfactory cause is shown as to why a case should not be dismissed, then the Court may dismiss an inactive case for

want of prosecution.  N.D. Fla. Loc. R. 41.1(A).

Plaintiff failed to file his memorandum within the sixty day time period permitted by the Court.  He failed to respond to the Court's order to show cause, despite the Court's directive that failure to respond or file his memorandum would result in a recommendation that this case be dismissed.  Moreover, Plaintiff has done nothing in this case since the date he filed the Complaint on November 2, 2015.

Accordingly, it is respectfully **RECOMMENDED** that this case should be dismissed for failure to prosecute and failure to comply with an order of the Court.

**IN CHAMBERS** this 18th day of March 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and**

**recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.